E-Filed – JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-279-GHK (Ex) | | Date | February 27, 2012 |
|---|---|---|---|---|
| Title | *Lorena Tupuola, et al. v. Walgreens Co., et al.* | | | |

| Presiding: The Honorable | GEORGE H. KING, U.S. DISTRICT JUDGE |
|---|---|

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| (none) | (none) |

**Proceedings:**     (In Chambers) Order Remanding Case

On January 11, 2012, Defendants Walgreens Co. ("Walgreens"), Tinreath Ly ("Ly"), and Nick Nguyen ("Nguyen" and, together with Ly, "Individual Defendants")[1] removed the above-titled action to this Court on the basis of diversity jurisdiction. Defendants' Notice of Removal ("NOR") stated that the Individual Defendants are "sham" defendants who were fraudulently joined to prevent removal and should be disregarded for purposes of determining subject matter jurisdiction. (NOR ¶¶ 25-26).

On January 27, 2012, we ordered Defendants to show cause ("OSC") why this action should not be remanded for lack of subject matter jurisdiction. We stated that it is not "obvious according to the settled rules of the state" that Plaintiffs Lorena Tupuola and Edmund Tupuola ("Plaintiffs") cannot assert a claim against the Individual Defendants for harassment based on a physical disability under the California Fair Employment and Housing Act ("FEHA").

On February 10, 2012, Defendants responded to our OSC ("Response"). Defendants' Response largely restates the arguments asserted in their NOR. We reject these restated arguments for the reasons stated in our OSC. We now address the new arguments raised by Defendants' Response.

First, Defendants argue that we should only consider the viability of Plaintiffs' claims as asserted in the Complaint, irrespective of Plaintiffs' ability to cure any defects by amendment. (Response 7 (citing *Thomas v. Aetna Health of Cal., Inc.*, 1:10-CV-01906-AWI, 2011 WL 2173715, at *4 (E.D. Cal. June 2, 2011))). We disagree. We join the numerous courts within this circuit that have held that fraudulent joinder exists only when it is obvious according to the settled rules of the state that a plaintiff would not be able to state a claim against non-diverse defendants, even after being "afforded leave to amend [their] complaint to cure [the] purported deficiency." *Burris v. AT&T Wireless, Inc.*,     C 06-02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006); *accord Smith v. Quality Loan Serv.*

---

[1] In this Order, we refer to Walgreens, Ly, and Nguyen collectively as "Defendants."

E-Filed – JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-279-GHK (Ex) | Date | February 27, 2012 |
|---|---|---|---|
| Title | *Lorena Tupuola, et al. v. Walgreens Co., et al.* | | |

*Corp.*, CIV S-11-2108 KJM, 2012 WL 202055, at *4 (E.D. Cal. Jan. 23, 2012); *Wilson-Condon v. Allstate Indem. Co.*, CV 11-05538 GAF (PJWx), 2011 WL 3439272, at *2 (C.D. Cal. Aug. 4, 2011); *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009).

Second, Defendants argue that the allegations of FEHA harassment against the Individual Defendants do not meet the level of specificity required by *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). However, whether Plaintiffs meet the *Twombly* standard is not determinative of fraudulent joinder. Instead, we need only look to see if Plaintiffs cannot state a claim against the Individual Defendants "according to the settled rules of the state." *McCabe v. Gen. Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir. 1987). In making this determination, "[a]ll doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading must be resolved in favor of remand." *Archuleta v. Am. Airlines, Inc.*, CV 00-1286 MMM (SHx), 2000 WL 656808, at *4 (C.D. Cal. May 12, 2000).

Third, Defendants argue that Individual Defendants' alleged acts of harassment all fall into the category of "personnel management actions," and that "personnel management authority properly delegated by an employer to a supervisory employee might result in discrimination, but not in harassment." *Roby v. McKesson*, 47 Cal. 4th 686, 706 (2009). However, Defendants provide no evidence that the Individual Defendants' actions were "properly delegated" personnel management, nor should we assume this to be the case for purposes of determining fraudulent joinder. *See Vincent v. First Republic Bank, Inc.*, No. C 10-01212 WHA, 2010 WL 1980223, at *5 (N.D. Cal. May 17, 2010) ("[e]valuating the facts in the light most favorable to [the] plaintiff" in concluding that there was no fraudulent joinder). Moreover, Defendants fail to recognize that "some official employment actions done in furtherance of a supervisor's managerial role can also have a secondary effect of communicating a hostile message," and therefore those actions can contribute to a pattern of harassment. *Roby*, 47 Cal. 4th at 709 (finding that the court of appeal erred in excluding evidence of managerial conduct with a secondary meaning on a harassment on the basis of a physical disability claim against an individual supervisor and reinstating the jury's award for that harassment claim).

Finally, in arguing that there is no valid claim for FEHA harassment against the Individual Defendants, Defendants cite cases dismissing FEHA harassment claims on summary judgement or dismissing individual defendants on demurrer because the individual supervisors in those cases were performing the allegedly harassing acts as "managerial duties." *See, e.g., Gonzales v. City of Martinez*, 638 F. Supp. 2d 1147 (N.D. Cal. 2009); *Velente-Hook v. E. Plumas Health Care*, 368 F. Supp. 2d 1084 (E.D. Cal. 2005); *Janken v. G.M. Highes Elecs., Inc.*, 46 Cal. App. 4th 55 (1996). However, none of these cases concluded that fraudulent joinder existed because of the assertion of harassment claims against individual supervisors, nor did any of these cases hold that, as a matter of law, individual defendants are not liable for harassment under FEHA. To the contrary, our OSC cited numerous cases holding that individual defendants may assert FEHA claims against individual supervisors or other employees. *See e.g. Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 62 (1996). Moreover, the standards for granting summary judgment or demurrer are inapplicable to our task of determining whether defendants have been fraudulently joined. Indeed, "merely showing that an action is likely to

E-Filed – JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-279-GHK (Ex) | Date | February 27, 2012 |
|---|---|---|---|
| Title | *Lorena Tupuola, et al. v. Walgreens Co., et al.* | | |

be dismissed as against the purported sham defendant does not demonstrate fraudulent joinder." *Archuleta*, 2000 WL 656808, at *4.

In sum, Defendants have failed to show why it is obvious according to the settled rules of state that Plaintiffs cannot state a claim for harassment under FEHA against the Individual Defendants. In light of our OSC and the foregoing, Defendants have not met the high burden of showing that the Individual Defendants are fraudulently joined. Therefore, the joinder of the Individual Defendants defeats diversity, and we lack subject matter jurisdiction in this case. We hereby **REMAND** this action to the state court from which it was removed.[2]

**IT IS SO ORDERED.**

|   |   |   -- : --   |
|---|---|---|
|   | Initials of Deputy Clerk | Bea |

---

[2] On February 14, 2012, Plaintiffs filed a Notice of Non-Opposition to our OSC ("Notice"), wherein Plaintiffs asserted that Defendants did not timely remove this action to this Court. Defendants filed an Objection to the Notice on February 21, 2012, objecting to the arguments regarding the potential procedural defect in the NOR as also being untimely. Defendants' objections are hereby **OVERRULED as moot** inasmuch as we do not rely on any potential procedural defects in remanding this case.